# United States District Court

WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

JEREMY J. SOCOLA

**CRIMINAL COMPLAINT**

CASE NUMBER: 08-MJ-5 75

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

Between in or about April 2007 and September 2007, in the Western District of New York, the defendant did use an interstate facility to attempt to persuade, induce or entice another individual under 18 years of age to engage in any sexual activity for which the person could be charged with a criminal offense, in violation of Title 18, United States Code, Section 2422(b).

I further state that I am a Special Agent with U.S. Immigration and Customs Enforcement (ICE) and that this complaint is based on the following facts:

**SEE ATTACHED AFFIDAVIT**

Continued on the attached sheet and made a part hereof:   (✔) Yes   ( ) No

CHRISTOPHER P. BENNETT, Special Agent, ICE
Signature of Complainant

Sworn to before me and subscribed in my presence,

March 28, 2008                               at       Rochester, New York
Date                                                    City and State

HON. JONATHAN W. FELDMAN, USMJ
Name & Title of Judicial Officer

Signature of Judicial Officer


**AFFIDAVIT IN SUPPORT
OF A CRIMINAL COMPLAINT**

I, **Christopher Bennett**, Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement (ICE), being duly sworn in the manner provided by law, depose and state as follows:

1. I have been employed as a federal law enforcement officer with the Department of Homeland Security, Immigration and Customs Enforcement (ICE) since March of 2007. I have been employed as a law enforcement officer since January of 2001. Prior to my employment with ICE I was employed as a Municipal Police Officer, a U.S. Border Patrol Agent, and a U.S. Customs and Border Protection Officer. I am currently assigned as a Special Agent in Buffalo, New York. As part of my daily duties as an ICE Special Agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography.

1

2. I make this affidavit in support of a criminal complaint against Jeremy J. SOCOLA (D.O.B. xx/xx/1981) of 6165 Partridge Corners Road, Conesus, New York 14435. The facts in support of this criminal complaint are as follows:

3. On January 8, 2008, the Livingston County Sheriff's Office (LCSO) was contacted by the Livonia, New York Junior High School Principal concerning a complaint involving a member of the coaching staff. When investigators arrived, they learned that Jeremy J. SOCOLA, coach of the girl's softball team, had sent a picture of his naked penis via cellular telephone to a thirteen year old female student and softball team member in late August or early September of 2007.

4. LCSO investigators interviewed the student in question. The student stated that one night in late August or early September 2007 she received a picture of a penis on her cellular telephone from SOCOLA. Investigators also spoke with the student's cousin, a twelve year old female, who stated that she saw the picture of the penis on her cousin's cellular telephone on the night in question.

5. In conducting their investigation, LCSO investigators learned that SOCOLA had "favorites" on the softball team, which included the student who received the picture of his penis. During

2

the interview of one of SOCOLA'S other "favorites," a fourteen year old female, it was determined that SOCOLA had engaged this student in similar communications. The student stated that SOCOLA communicated with her via cellular telephone and the Internet. She stated that in April or May of 2007, SOCOLA had requested for her to take naked pictures of herself and send them to him. She informed him that she would not as she did not have a camera on her phone. Furthermore, she stated that SOCOLA requested, via text messaging, for her to perform oral sex on him.

6. On January 10, 2008, LCSO investigators arrested SOCOLA and interviewed him regarding the complaint. SOCOLA was advised of his Miranda rights, and having waived his rights, provided a voluntary statement. In his statement, SOCOLA stated that he would often communicate with the students in question via text messaging. He stated that one night in late August or early September of 2007, during a text messaging conversation with the thirteen year old student, he did in fact take a picture of his penis with his cellular telephone and transmitted the picture to the student's cellular telephone. Furthermore, SOCOLA stated that he requested, via text messaging, for the student to take naked pictures of herself with her cellular telephone and transmit them to his cellular telephone. He stated that he subsequently received pictures of the student's naked breasts and buttocks on his

cellular telephone. SOCOLA informed investigators that he was intoxicated during this exchange and that when he awoke the next morning he regretted taking part in such activity because he knew it was wrong. He deleted the pictures from his phone and contacted the student to make sure that she also deleted the pictures that were exchanged. Regarding the fourteen year old female student, SOCOLA stated that he had, between April and June of 2007, communicated frequently with her via text messaging and the Internet. He stated that on one occasion he asked her to send pictures of her breasts to him, but that she was unable to because her phone did not have a camera. Furthermore, he stated that he discussed sex and sex acts, including the prospect of the student performing oral sex on him, via text messaging on several occasions.

7.  LCSO investigators received two cellular telephones from SOCOLA that he used to communicate with the students, both of which were manufactured outside of the United States, pursuant to a signed consent to search form. Additionally, they obtained the cellular telephone used by the thirteen year old student who received the picture from SOCOLA. The Western New York Regional Computer Forensics Laboratory (WNYRCFL) conducted an examination of the three cellular telephones seized by the LCSO.

4

8.   Wherefore, based on the foregoing, I respectfully submit that probable cause exists to believe that JEREMY J. SOCOLA did knowingly violate Title 18, United States Code, Section 2242(b), which prohibits a person from utilizing a facility of interstate or foreign commerce to persuade, induce or entice a minor to engage in any sexual activity for which any person can be charged with a crime, or to attempt to do so.

                                                                        Christopher P. Bennett
                                                                        Special Agent
                                                                        Immigration & Customs Enforcement

Sworn to and subscribed
before me this 28 day
of March 2008

HON. JONATHAN W. FELDMAN
UNITED STATES MAGISTRATE JUDGE

5